Case number 321-0426, the people of the state of Illinois, acted by Justin Nicolosi v. Trevera Skye, accounted by Demetrius Golfus. Mr. Golfus, for your second time today, you may proceed. Good afternoon again, Your Honors. I'm Demetrius Golfus. I'm from the Office of the State Appellate Defender, and I represent Trevera Skye. May it please the Court, Mr. Nicolosi. Your Honors, this case arose back in 2002. At the time, the Guy and Woods families in Joliet were involved in a violent feud. On the day of the offense, Mr. Guy was in a passenger seat of a car stopped at a stoplight. To his immediate right was members of the Guy family in a van. Ultimately, Mr. Guy fired four gunshots into this van, one right after the other, killing David Woods and injuring Sheena Woods. Now the state charged Mr. Guy with the first-degree murder of David and the attempted murder of Sheena. At trial, Mr. Guy argued self-defense. The jury accepted his argument, in part, finding that when he fired the shots into the van, he believed, albeit unreasonably, that he was acting in self-defense, and therefore his actions in firing those shots were legally justified. The jury also found Mr. Guy guilty of the attempted murder of Sheena. The trial court had instructed the jury that the mental state for attempt murder was the intent to kill. Your Honors, for just over the past 15 years, Mr. Guy has been wrongly convicted of attempt murder. In this appeal, we are asking you to reverse the attempt murder conviction for two reasons. The first is that the trial court wrongly told the jury that the mental state for attempt murder is the intent to kill. That is not the mental state for that offense. The second reason is that as a result of these erroneous jury instructions, the jury reached legally inconsistent verdicts. Now, due to the procedural posture of this case being a collateral appeal, we are presenting these arguments in the context of claims of ineffective assistance of appellate counsel and the unreasonable assistance of post-conviction counsel. My plan today is to address why each of these underlying arguments is meritorious and then finally, pursuant to this court's recent order, to address why the remedy is to reverse the conviction, the attempt murder conviction, without remanding for a new trial. The starting point for the analysis in this case is to determine what the appropriate mental state for attempt first degree murder is. Is the intent to unlawfully kill or the intent to kill without lawful justification? When you look at the plain language of the attempt statute, it provides that the mental state for an attempt crime is the intent to commit a specific offense. Therefore, in order for someone to intend to commit first degree murder, they have to intend to commit first degree murder. A person intends to commit first degree murder by intending that their actions satisfy all of the elements of first degree murder. Of course, one of those elements is that a person be killed. Another element of a first degree murder is that the killing be without lawful justification. Therefore, to commit attempted murder, a person must intend that they kill without lawful justification. They have to intend to unlawfully kill. They have to intend to actually murder. Simply intending to kill is not good enough because, as we all know, someone can intend to kill in self-defense. When you intend to kill in self-defense, you are not intending to commit a crime. Your Honors, this principle is required by the plain language of the attempt statute and the first degree murder statute. It is also required by precedent from the Illinois Supreme Court, particularly its decisions in Barker, Reagan, and Lopez, which I discussed at length in my brief. Any appellate court decision that says something to the contrary is wrongly decided. That includes the appellate court's decision in People v. Guyton, which the state cites in its brief. We acknowledge that the IPI instructions for attempt murder provide that the mental state is the intent to kill. Those IPI instructions are wrong. They've been wrong for many years, and they will need to be changed. Now, in reading the state's brief, it's not entirely clear what the state thinks the mental state is for attempt murder. They don't particularly address in any detail the plain language of the attempt and first degree murder statutes, and they do not engage in discussion of these three Supreme Court cases. Hopefully, when we hear from Mr. Nicolosi, we'll have a better idea of what the state's position is. With that said, the jury at Mr. Guy's trial was given instructions on attempt first degree murder consistent with the IPI. Therefore, they were erroneously told that the mental state was the intent to kill. As a result of that, they reached legally inconsistent verdicts. On the one hand, they found Mr. Guy guilty of the second degree murder of David Woods. Necessarily, to reach that verdict, the jury had to find that when he fired the bullets into the van, he believed, albeit unreasonably, that he was acting in self-defense, that his conduct was legally justified. So just so I'm clear, the jury instructions as it relates to the first degree murder charge, those are correct? Correct. It's the instructions as it relates to Sheena that are a problem? Correct. We are not challenging the instructions with respect to first degree murder or second degree murder. Correct. Now, after finding Mr. Guy guilty of second degree murder, the jury also found Mr. Guy guilty of the attempted murder of Sheena. As a matter of law, to make that finding, the jury would have had to have found that when Mr. Guy fired those shots, he did so intending to unlawfully kill. And as a matter of common sense and pursuant to the Supreme Court's decision in Lopez, the intent to unlawfully kill and the intent to kill in self-defense are inconsistent. They cannot coexist at the same time. Therefore, the jury's verdict of guilty for second degree murder precluded a guilty verdict for attempted murder. The verdicts are legally inconsistent. Your Honors, as I mentioned, the procedural posture of this case is a collateral appeal. We've raised the claim of inconsistent verdicts as a claim that appellate counsel was ineffective in not raising an indirect appeal. And we've argued the instructional error as a claim that post-conviction counsel performed unreasonably by deleting it from the pro se petition into the amended petition. He left it out. I will leave the intricacies of these claims to the briefs, unless this Court has questions. I would just say that up until these consolidated appeals, since the end of the original trial proceedings, Mr. Guy has not had an attorney that has performed properly. Every attorney since then has failed to argue the inconsistent verdicts and the instructional error. When you look at trial counsel's post-trial motion, he actually raised the claim of inconsistent verdicts, but counsel on direct appeal abandoned it. And we actually have in the record letters that appellate counsel wrote to Mr. Guy, and in those letters he says that the verdicts are not inconsistent, and you can't challenge the attempted murder conviction. And if you want to file a post-conviction petition in the future, you should focus on other issues. With respect to post-conviction counsel, yes, he amended the petition, and in that petition he rightfully alleged that the mental state for attempted murder is the intent to unlawfully kill. And he correctly argued that the verdicts were inconsistent, but for some reason he left out the argument that the jury was wrongly instructed. And that argument goes hand-in-hand with arguments he did make. So that's pretty inexcusable, especially when in Mr. Guy's pro se petition, he actually raised the argument that the jury was wrongly instructed on attempted murder. So finally I will address what we believe to be the appropriate remedy, and that's that this Court should reverse the attempted murder conviction without remanding for a new trial. And one reason for that is the second degree murder conviction is not an issue in this appeal. As I answered, Your Honor, we are not challenging that conviction. The jury was properly instructed on that. And when you look at the state appeal that's been consolidated with this case, the second degree murder conviction isn't at issue there either. The trial judge left that intact. He only disturbed the attempted murder conviction. So the second degree murder conviction must survive this appeal, as must the jury's finding that when Mr. Guy fired the shots, he did so thinking he was acting in self-defense, although that was an unreasonable thought. The doctrine of direct estoppel, which I admit I did not hear of until this appeal when I was doing the research, that applies to preclude the relitigation of the issue in Mr. Guy's mental state. What about the aggravated battery? I'm sorry? What about the aggravated battery? Can that be remanded for trial on that count? No, because that would involve relitigation of the mental state. It also was a lesser included of the attempt murder, correct? Yes, I would agree with that. The state objected. The defense asked for it. If the attempt first degree murder is gone, how can the lesser included go back? I'm not sure I understand. Well, the attempt, the Agbat firearm was a lesser included requested by the defense of the attempt first degree murder, right? Correct. So the attempt first degree murder is gone. The lesser included would necessarily be gone, too. Would that not make sense? Gone as in you can't enter a conviction on that? Is Your Honor asking that if you get rid of the attempt first degree murder? The lesser included has to be gone, too. I don't know. Frankly, I might even disagree with that. So you would take the position that the Agbat firearm could still be tried? No, it cannot be tried. Because you'd have a second jury determining a mental state all over again. And that second jury could come up with something that is inconsistent with what the first jury thought. So you can't demand it for a trial on aggravated death. Can I ask a question just about the record itself? Sure. I couldn't find the request anywhere in the record or the discussion with the trial court about the Agbat firearm as a lesser included. When they finally pick the jury instructions, the judge says, over the objection, I'm going to allow it. But I can't find anywhere prior to that where it's discussed in the record. Maybe I missed it. But I was wondering if that discussion and request happened in the off-the-record jury instruction conference that preceded the – do we know? Do you know if it's anywhere else in the record? I don't recall. I can certainly look at my notes and see. And if I can't find it in time for when I come back up and reply, I'd be happy to file something with the court to answer that question. I looked pretty carefully, and I couldn't find it. But off the top of your head, you don't – With that said, I'm not surprised that you couldn't, considering how old this case is. I mean, the trial was, I believe, back in 2005. So there could be things missing from the transcripts that commonly happens over the years. So maybe something wasn't in there. But I can certainly look into it. Counsel, more of a pragmatic question. If you're successful in your arguments, your client has served some 21 years now. I would assume he was taken into custody right after the incident, and he was sentenced to 30. He was not. He was not. He was found two or three years later, I believe. Okay. You've answered the question, and it's probably more complex than my question was meant to be given. So just to conclude, we do believe that direct estoppel would prohibit relitigation of Mr. Guy's mental state at the time of the offense. So the most appropriate remedy would be to reverse the conviction without remand for a new trial. And unless the court has any further questions, we thank you for your time and ask for that remedy. Very well. Thank you. You'll have an opportunity for rebuttal. Mr. Nicolosi. Thank you. Good afternoon, Your Honor. May it please the court. Mr. Golfis, the state submits that this court should affirm the dismissal of the portion of defendant's successive post-conviction that he's challenging. The state submits first that the jury was properly instructed as to the offense of attempt first-degree murder. Of course, IPI 6.05x specifically includes all of the elements of that offense that the instruction was properly given to the jury. It included the bracketed portion that the comments suggest to provide when a defendant asserts an affirmative defense like the defendant in this case did. It includes the without lawful justification phrase. It includes the intent to kill and the act constituting a substantial step towards the killing of an individual. The state would submit that the without lawful justification phrase in that instruction establishes everything that the jury would need for a finding of attempt first-degree murder. Does the state concede that the intent of the defendant was the same as he fired all four shots? Yes. Okay. Yes, yeah. I do, Your Honor. Nevertheless, the state is standing firm that the instructions provided was what happened. But we're not doing some nuanced change in intent. It's the same intent. Yes. And, Your Honor, this is the same argument the defendant made in Guyton, as I stressed heavily in my brief. These cases are identical. I want to focus on one part of this whole argument that I think is the most important, is that the defendant is leveraging his whole argument regarding inconsistent verdicts on the finding of the mitigating factor in the second-degree murder finding that the jury made. The state submits that is exactly what it is. It's a mitigating factor after the jury found the intent to commit murder. Guyton makes this very clear that basically the murder finding comes first. All the elements murder and then, at that point, the trier of fact looks to see if a mitigating factor is in existence to lower the offense to second-degree murder. And if we look at the mitigating factor language in the statute, it's entirely subjective language. It says the mitigating factor is whether he or she believes that the killing was justified, but his belief is unreasonable. That's an entirely subjective statement. Well, maybe subjective, but the jury has to find it. The jury has to find it. There's a lot of subjective things the jury has to find. Sure, but it's not like the jury finds self-defense, which is more of an objective endeavor. It's whether or not there's an imminent use of force, a threat of force, and things like that that the jury specifically finds. This was, again, just whether or not the defendant himself believed that he needed to justify the use of force. The defendant is attempting to take that finding and apply it to the attempt first-degree murder charge in this case. The state submits that as an inappropriate use of that particular mitigating factor finding, and Guyton makes that crystal clear. The state submits. So the jury has found that the defendant intended to kill David. Both individuals. Well, no, intended to kill David, but had the unreasonable belief that doing so was justified, right? Yes. You can't attempt to kill somebody, have the specific intent to murder somebody, and believe you're justified, can you? No. No, Your Honor, but I think we're putting the mitigating factor finding ahead of the finding of murder, which you need to have in, as Guyton says, the fact finder needs to find murder first, and then, and it says specifically, I got a quote here, it says that the presence of a mitigating factor does not negate the mental state of murder because mitigating factors are not elements of the crime. Guyton also says when a jury finds a defendant guilty of attempt first-degree murder, it necessarily finds the defendant had the specific intent to commit that crime, which cannot be mitigated by an unreasonable belief. So I think Guyton stands for the proposition that the finding of murder is first, and then only then can the jury go and find the potential mitigating factor. And the law is clear that it can't do that for attempt first-degree murder. That's been well established. The state submits that the defendant is attempting to take that mitigating factor finding, which, again, is not an element of the offense. It's something that the jury found after. It doesn't negate the mental state of attempt first-degree murder that the jury found in this case. The State argues that there's just no law to support the defendant's position on that particular point. Again, the State submits that, again, this Court should uphold the reasoning behind Guyton, its sound reasoning. It kind of parrots the language of the second-degree murder statute and the fact that the mitigating factor cannot be used for attempt first-degree murder. The State submits it's sound and it's logical and it makes sense. The State submits this Court should continue that line of cases and that reasoning in this case. But further, if this Court— When you say line of cases, besides Guyton, has anybody said what Guyton has said? Yes. Russell says the exact same thing. Is that the second district case? It is. It's not published, but it says— Well, I won't quibble about that, but slightly different issue. I mean, they do reference Guyton. The issue is a little different. All right, so you were going to say, assuming for the sake of argument, this Court didn't agree with Guyton, in terms of remedy, what do you suggest? That's a tough one, Your Honor. I mean, obviously, historically, when the jury returns verdicts with two different mental states, a remand for a new trial is the traditional remedy that's been chosen for more than 30 years now. The State submits that— I guess I'll address the defendant's arguments first. He argues that direct estoppel would prevent this retrial for—prevent litigation on the same point. The State, again, submits that that should not be the case because, again, the jury found that the intent to kill on both the attempt to first-degree murder and secondary murder, this was just, again, a mitigating factor. It does not—it does not apply to the attempt charge. So I don't believe, again, as the defendant's trying to use that factual finding under the mitigated factor section of secondary murder, that there's an unreasonable belief. I don't believe that that can't be used to negate the attempt first-degree murder conviction. That's why I don't believe that that issue has been put to bed first and foremost. Regarding the defendant's claim that that retrial is not necessary because the inconsistent verdicts in this case did not arise because of the factual finding, but because of the improper instructions, the State disagrees with that as well. I don't know how we can tell on this record that the jury's verdicts, if this court were to accept the defendant's argument, that the verdicts did not result from factual findings, but because of the instruction. There's nothing in the record to tell you how the jury came to the decisions that it made. I don't think it's as cut and dry as the defendant says. I think that I just, again, as I argued at the outset, I think the jury was properly instructed. So I don't believe that this court can draw a line between instructions and the inconsistent verdicts in this case. Justice Brennan, you mentioned whether or not the defendant could be charged, an aggravated battery charge could remain if this court were to vacate the attempt first-degree murder. I thought about that, too. I think that if this court finds that the jury's finding about the unreasonable belief kind of would pervade this entire case, that that offense would not survive. I don't believe reckless discharge of a firearm, all these things that require a mental state that is without some sort of lawful justification. So I would argue that this case would have to be sent back for a new trial for the state to determine how it was going to go forward. I certainly don't believe that the offense of attempt first-degree murder should be wiped out and the defendant should not be convicted of a crime. I understand that's kind of an inartful way of saying it, but the defendant clearly shot at a vehicle with two people. To say that he's not guilty of anything regarding Sheena Woods is something I'm certainly not willing to represent as a representative of the state. So I would argue that this court should kind of look to the remedy that courts have used for decades in the past and remand for a new trial in this case. If there are any other questions, I'd be happy to answer them. Thank you. Thank you, Mr. Nicolosi. Mr. Golfus, rebuttal. In terms of the jury instruction conference, I found it in my notes. It's at the report of proceedings starting at page 851, and I have noted that there's objections given at the instruction beginning over objection at 854 and 855. I was looking for the discussion that clearly had occurred prior to this, but I can't find it in the record. If you're referring to something else. Well, that's referring to something else. There's obviously been a discussion previously because the objection is not there, but it doesn't matter. I was just curious if you were aware of it. Thank you. In terms of counsel's argument that the jury was properly instructed, I think counsel is conflating mental state with the separate element that the attempted murder has to be without lawful justification. The mental state is intending to kill without lawful justification, alternatively intending to unlawfully kill. That's one element. Then there's a separate element that the attempted murder has to also be without lawful justification because if it's lawfully justified, it's just self-defense. There's no crime. So counsel's complaining, too, when he says that because the judge mentioned without lawful justification, he properly conveyed the mental state. That's not true. The Supreme Court in Lopez said that a defendant intending to defend himself does not have the intent to unlawfully kill. That's pretty cut and dry. The intent required for attempted murder is the intent to unlawfully kill. If you remand for a new trial on attempted murder, you would be inviting a second jury to return inconsistent verdicts all over again. The only way to avoid that is to not do that. We have a jury finding as to Mr. Guy's mental state. The jury found he intended to kill, albeit lawfully, because he thought he was acting in self-defense. And there's no reason to disturb that. The reason why we have inconsistent verdicts is because the judge told the jury the mental state for attempted murder is the intent to kill. The jury already found intent to kill for first-degree murder mitigated down to second-degree murder. The only reason why we have inconsistent verdicts is because the jury thought it could return a guilty verdict for attempted murder. It can't. And I'll finally just kind of conclude commenting on the court's decision, People v. Guyton, the appellate court. That court said that the mental state for second-degree murder is the same as the mental state for attempted first-degree murder. That is very clearly wrong. And that's the reason why that court's decision went the way it did and why it was ultimately wrongly decided. So Guyton should not be followed. And if the court has any further questions, I'd be happy to answer them. Otherwise, I'm going to again ask that you reverse the conviction. Any questions? No. Thank you very much. The court thanks both sides for spirited arguments. The matter will be taken under advisement and a decision will be rendered in due course.